O

194

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE LONG, | Case No. CV 07-00117 DDP (OP) |
|       Petitioner, | **ORDER DENYING PETITIONER'S MOTION TO RECUSE MAGISTRATE JUDGE PARADA** |
| v. | [Motions filed on March 11, 2010 and Dec. 13 2010] |
| J. PRUETT, et al., | |
|       Respondents. | |

This matter comes before the Court on Jessie Long ("Petitioner")'s motions to recuse Magistrate Judge Oswald Parada. Upon reviewing Petitioner's submissions, the Court DENIES the motion and adopts the following order.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[1] 28 U.S.C. § 455(a) & (b)(1). The Ninth Circuit has

---

[1] Petitioner appears to mistakenly rely on California Code of Civil Procedure § 170.3 rather than 28 U.S.C. § 455. (See, e.g., Dec. 13 Motion at 1.)

articulated the standard for disqualification under § 455 as follows:

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice. In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted).

Petitioner contends that Magistrate Judge Parada exhibited bias in his Report and Recommendation ("R&R"). (Motion to Recuse ("Mot." at 1:17-18.) Petitioner further asserts that Magistrate Judge Parada was not acting within the bounds of the law in granting Defendants' Motion for Judgment on the Pleadings and in dismissing several of Petitioner's claims, without prejudice, for failure to exhaust. (Mot. at 4:3-22.)

Petitioner has not established that Magistrate Judge Parada's impartiality could reasonably be called into question – he simply disagrees with the R&R's legal conclusions. Because Petitioner has not shown that Magistrate Judge Parada's decisions in this case reveal a "deep-seated and unequivocal antagonism" toward Petitioner "that would render fair judgment impossible." F.J. Hanshaw Enters., 244 F.3d at 1144-45, the Motion to Recuse is DENIED.

IT IS SO ORDERED.

Dated: January 18, 2011

DEAN D. PREGERSON
United States District Judge